IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


ST. PAUL FIRE AND MARINE INSURANCE
COMPANY as subrogee of
NORTHEAST NATURAL ENERGY, LLC,

       Plaintiff,

v.                               Civil Action No. 1:17CV225
                                          (STAMP)

BEAR CONTRACTING, LLC,

       Defendant.


**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I. Background

Plaintiff, St. Paul Fire and Marine Insurance Company ("St. Paul"), brought this subrogation matter against defendant Bear Contracting, LLC ("Bear"), alleging negligence and breach of contract. ECF No. 1. St Paul's insured, Northeast Natural Energy, LLC ("Northeast"), is an oil and gas exploration and production limited liability company which performed fracking operations at the Kassay Well in Morgantown, Monongalia County, West Virginia. Id. at 2. This civil action arises out of a loss that occurred on or about July 23, 2016 which resulted in a significant leak of fracking fluid at the Kassay Well. Id. Prior to the loss, plaintiff's insured, Northeast, entered into a Master Services Agreement with defendant Bear for the installation of an high-density polypropylene ("HDPE") waterline system and related services at the Kassay Well for use in Northeast's fracking operations. Id. In its complaint, plaintiff asserts that the loss was due to Bear's improper and negligent installation of the HDPE

pipeline, associated fittings and appurtenances. As a result of the loss, plaintiff asserts that Northeast incurred environmental remediation costs of $626,006.27. Id. Plaintiff St. Paul provided insurance to Northeast pursuant to Policy No. ZLP-31M23638 (hereinafter, "the policy"). Pursuant to the terms of the policy, plaintiff made payments to or on behalf of Northeast in the amount of the loss and now asserts that it is subrogated to Northeast's rights against Bear. For relief, plaintiff seeks judgment in its favor and against Bear in the amount of the loss, together with interest and costs. Id. at 8.

Now pending before the Court is defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. ECF No. 95. The defendant moves this Court for the entry of summary judgment in its favor with respect to the claims against it in this civil action. Plaintiff filed a response in opposition to the motion and memorandum in support. ECF Nos. 96 and 97. Defendant filed a reply. ECF No. 98. At this time, the defendant's motion is fully briefed and ripe for decision.

Following its review of the defendant's fully briefed motion for summary judgment, and the memoranda and exhibits submitted by the parties, this Court finds that, for the reasons set forth below, the defendant's motion for summary judgment must be denied.

## II. <u>Applicable Law</u>

Under Federal Rule of Civil Procedure 56, this Court must grant a party's motion for summary judgment if "there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." Id. If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted against the plaintiff. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex, 477 U.S. at 322-23. "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992). However, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

3

III.  Discussion

Now pending before the Court is defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (ECF No. 95).  In support of the motion for summary judgment, defendant recites St. Paul's allegations that Bear negligently installed a fitting/coupler on its insured's HDPE water line by failing to tighten bolts uniformly, by using an mechanical joint ("MJ") gasket, and by failing to install MJ adapters.  ECF No. 95-1 at 1. Bear states that St. Paul also alleges defendant breached a contract with its insured, Northeast.  Id.  In responding to plaintiff's allegations, defendant Bear asserts that it installed the components that St. Paul's insured authorized, and the insured provided all parts and supplies, and further adds that St. Paul has not identified any standard, rule or regulation that Bear violated concerning tightening of bolts.  Id.  Bear contends that St. Paul cannot prove that the coupler was installed properly, that defendant installed the components that Northeast approved and authorized, and has not produced facts to support the breach of any express or implied contract that resulted in the claimed damages. Id. at 12-17.  Defendant ultimately contends that there is no genuine issue as to any material fact and requests this Court grant its motion for summary judgment.  Id. at 17-18.

St. Paul filed a response in opposition to defendant's motion for summary judgment and memorandum in support.  ECF Nos. 96 and 97. Plaintiff states that in the present matter, genuine issues of

material fact exist from which a reasonable jury could infer that defendant improperly installed the subject mechanical joint, thereby, causing the July 23, 2016 loss. ECF No. 96 at 2. In support, St. Paul asserts that the following facts undoubtedly support plaintiff's negligence and breach of contract claims against defendant: (1) defendant possessed relevant skill, knowledge and expertise in mechanical joint assembly and the fusion of HDPE pipe; (2) since defendant possessed expertise in mechanical joint assembly, plaintiff's insured retained defendant to install the subject riser/valve assembly for the booster station at Kassay Well; (3) defendant convinced plaintiff's insured to use the coupler without an MJ adapter to assemble the mechanical joint; (4) defendant installed the subject mechanical joint; (5) plaintiff's insured did not oversee and was not on-site while the subject mechanical joint was installed; (6) plaintiff's insured did not provide instructions and/or directions to defendant regarding the means and methods of installation; (7) plaintiff's experts opined that the fitting was installed improperly as defendant utilized an inappropriately sized gasket, did not uniformly tighten the bolts and failed to install an MJ adapter; and (8) per the applicable contract, defendant was responsible for the means and methods of installation and to ensure that its work was performed in a good and workmanlike manner and free from defects. ECF No. 97 at 1-2. Thus, St. Paul contends that the record clearly supports its claims that Bear negligently installed the subject mechanical joint and

breached its contract with Northeast. Id. at 2. At the very least, St. Paul contends that genuine issues of material fact exist as to whether Bear negligently installed the subject mechanical joint and breached its contract with Northeast, and as such, Bear's motion for summary judgment must be denied as a matter of law. Id.

Bear filed a reply to plaintiff's response in opposition to its motion for summary judgment (ECF No. 29) and again asserts that it has met its initial burden of demonstrating that no genuine issue of material fact exists to prevent an award of summary judgment and contends that St. Paul has not come forward with specific facts showing any genuine issue for trial. Bear argues that a reasonable jury could not find for Northeast based on the evidence presented in this case and, thus, could not find for St. Paul which stands in the shoes of its insured. Bear again requests that this Court grant its motion for summary judgment and dismiss all claims against it, with prejudice, together with such other and further relief, as the Court deems appropriate.

In reviewing the supported underlying facts, and viewing all inferences in the light most favorable to St. Paul, this Court finds that this civil action contains a substantial number of genuine issues of material fact and that the evidence is such that a reasonable jury could return a verdict for the non-moving party. This Court finds that Bear has failed to meet its burden of showing the absence of any genuine issues of material fact, as there is conflicting testimony and evidence sufficient to create triable

issues of fact. In viewing the facts in a light most favorable to the non-moving party, this Court finds that genuine issues of material fact remain as to the utilization of the coupler for the subject mechanical joint, the installation of the subject fitting, and the instruction regarding the means and method of installation.

First, this Court finds that the evidence presented is sufficient to create a triable issue of fact at trial as to whether Bear negligently installed the subject mechanical joint. Plaintiff St. Paul, in opposing Bear's motion for summary judgment, states that its retained experts collectively opined to a reasonable degree of scientific certainty that the fitting was installed improperly as Bear utilized an inappropriately sized gasket, did not uniformly tighten the bolts and failed to install an MJ adapter. Plaintiff also presents evidence that, when viewed in a light most favorable to the non-moving party, could lead a reasonable jury to conclude that Bear convinced Northeast to use the coupler without an MJ adapter to assemble the mechanical joint and that Northeast did not provide instructions and/or directions to Bear regarding the means and methods of installation. St. Paul, in its response in opposition to Bear's motion for summary judgment, has sufficiently set forth specific facts showing that there is a genuine issue for trial concerning whether defendant Bear negligently installed the subject mechanical joint.

Second, this Court also finds that the evidence presented is sufficient to create a triable issue of fact at trial as to whether

Bear breached its contract with Northeast.  In viewing the facts in a light most favorable to the non-moving party, this Court finds that a reasonable jury could conclude that per the applicable contract, Bear was responsible for the means and methods of installation and to ensure that its work was performed in a good and workmanlike manner and free from defects.  Accordingly, this Court finds that St. Paul has presented sufficient facts and evidence in opposing Bear's motion for summary judgment as to whether Bear breached its contract with Northeast.

In this action, St. Paul has set forth several issues of material fact that must be settled by a fact-finder.  In finding that genuine issues of material fact exist, this Court must deny Bear's motion for summary judgment as a matter of law. Accordingly, defendant's motion for summary judgment is denied.

### IV.  Conclusion

For the above reasons, defendant Bear Contracting, LLC's motion for summary judgment (ECF No. 95) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   August 6, 2019


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE